UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARRELL F. GIST, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 23-23217 (RBK) (MJS) |
| | : | |
| v. | : | |
| | : | |
| STEPHANIE MCGANN, et al., | : | **MEMORANDUM AND ORDER** |
| | : | |
| Defendants. | : | |

Plaintiff is a federal prisoner currently incarcerated at FMC Butner in Butner, North Carolina. He is proceeding with a civil complaint. (*See* ECF 1). Plaintiff has paid the $405.00 filing fee. His complaint is subject to this Court's sua sponte screening pursuant to 28 U.S.C. § 1915A. Indeed, District Courts must review complaints in civil actions in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). District Courts may dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b). According to the United States Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally

construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must also satisfy Federal Rule of Civil Procedure 8(a), which states that:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (other citations omitted).

Upon screening Plaintiff's complaint, it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Indeed, Plaintiff's complaint is a series of interrogatories and document requests from various Defendants. The complaint is not simple, concise nor direct and does not set forth "a short and plain statement of the claim[s] showing the pleader is entitled to relief." *Williams v. Willingboro Twp.*, No. 20-1114, 2020 WL 3481773, at *2 (D.N.J. June 26, 2020) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. In any proposed all-inclusive

amended complaint that Plaintiff elects to file, he is encouraged to use the complaint form supplied by the Clerk.

Accordingly, IT IS on this 23rd day of May, 2024,

ORDERED that Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted as it fails to comply with Federal Rule of Civil Procedure 8; and it is further

ORDERED that the Clerk shall serve on Plaintiff by regular U.S. mail: (1) a copy of this memorandum and order; and (2) a blank copy of a prisoner civil rights complaint; and it is further

ORDERED that the Clerk shall mark this case as closed.

s/ Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge