NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARRELL F. GIST,

　　　　　　　　　　*Plaintiff,*

　　　　　　　v.

UNITED STATES OF AMERICA, *et al.*

　　　　　　　　　　*Defendants*.

Civil Action No. 23-cv-23217

MEMORANDUM AND ORDER

Plaintiff Darrell F. Gist, proceeding *pro se*, filed a Motion to Reopen ("Motion") this civil rights action following its dismissal without prejudice for failure to state a claim.  (ECF No. 14). For the reasons that follow, the Motion is granted and the Court will screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## I.　　BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action in December 2023 by submitting a civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1.)  After Plaintiff failed initially to either pay the filing fee or submit a complete application to proceed *in forma pauperis*, the matter was administratively terminated. Plaintiff subsequently paid the filing fee, and the case was reopened for judicial review.

On May 23, 2024, the Court dismissed the Complaint without prejudice for failure to state a claim upon which relief may be granted.  (ECF No. 9).  In that Order, the Court expressly directed the Clerk to provide Plaintiff with a blank prisoner civil rights complaint form, thereby affording him the opportunity to amend. (*Id.* at 3.)  The case was then closed. (*Id.*)

On July 12, 2024, Plaintiff submitted an Amended Complaint. (ECF No. 10). Plaintiff thereafter submitted correspondence requesting that the case be reopened so that the Amended Complaint could be screened and processed. (ECF No. 11).

On July 14, 2025, Plaintiff filed the present Motion to Reopen. (ECF No. 14). Construed liberally, the motion asserts that Plaintiff timely complied with the Court's May 23, 2024 Order by filing an Amended Complaint, that extraordinary medical circumstances impeded his ability to litigate during portions of 2024, and that the Amended Complaint has not yet been screened as required by statute. (*See id.*)

## II.    LEGAL STANDARD

A dismissal without prejudice generally contemplates the possibility of further proceedings. Where a plaintiff files an amended pleading following such a dismissal, courts retain inherent authority to reopen the matter to determine whether the amended pleading cures the deficiencies previously identified. *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976).

Because Plaintiff is a prisoner seeking relief against governmental defendants, the Court is obligated to screen any operative complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. That screening obligation applies equally to amended pleadings filed after a dismissal without prejudice.

## III.    DISCUSSION

The record reflects that Plaintiff filed an Amended Complaint within approximately seven weeks of the May 23, 2024 dismissal. (ECF No. 10). The Amended Complaint was docketed but never screened, and the case remained closed.

Under these circumstances, reopening the matter for the purpose of screening the Amended Complaint is appropriate. Plaintiff does not seek substantive relief beyond the opportunity to have

his amended pleading reviewed in accordance with governing law.  Moreover, the procedural history demonstrates that Plaintiff made good-faith efforts to comply with the Court's instructions, and nothing in the record suggests undue delay, bad faith, or prejudice to any defendant, none of whom has yet been served.  (*See* ECF Nos. 11, 12, 13.)

At this stage, the Court has conducted screening of the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Affording the Amended Complaint the liberal construction required for pro se pleadings, the Court finds that Plaintiff has alleged sufficient facts, at this preliminary stage, to permit certain claims to proceed.  (ECF No. 10).

In the Amended Complaint, Plaintiff alleges that federal prison medical staff and administrative officials—including clinical and health services personnel—failed to provide adequate medical evaluation and treatment, disregarded or delayed responses to his medical complaints, and engaged in conduct that Plaintiff contends violated his constitutional rights.  (*Id.* at 1–14.)  Plaintiff further appears to assert related tort-based theories against the United States under the Federal Tort Claims Act arising from the same course of alleged medical and administrative misconduct.  (*Id.* at 1–2.)

Liberally construed, these allegations are sufficient, at this preliminary screening stage, to state potential constitutional claims against individual federal actors and potential negligence-based claims against the United States.  The Court expresses no view as to the ultimate merits of these claims.  To the extent Plaintiff seeks to assert constitutional claims directly against the United States, the viability of such claims is limited by principles of sovereign immunity and will be addressed, if necessary, upon motion practice.

Accordingly, the Amended Complaint will be permitted to proceed and service will issue.

IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Reopen (ECF No. 14) is granted.  The Court has completed statutory screening of the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and finds that the action may proceed as set forth below.  Accordingly,

**IT IS** on this **13th** day of February 2026,

**ORDERED** that Plaintiff's Motion to Reopen (ECF No. 14) is **GRANTED** and the Clerk shall **REOPEN** this matter; and it is further

**ORDERED** that the Amended Complaint (ECF No. 10) is deemed the operative pleading; and it is further

**ORDERED** that upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court finds that the Amended Complaint may proceed at this time; and it is further

**ORDERED** that the Clerk shall issue summonses and the United States Marshal shall serve the Amended Complaint upon Defendants pursuant to Fed. R. Civ. P. 4; and it is further

**ORDERED** that the Clerk shall mail a copy of this Memorandum and Order to Plaintiff at his address of record.

*Karen M. Williams*

Hon. Karen M. Williams,
United States District Judge

4